```
 1                    UNITED STATES OF AMERICA.
                     UNITED STATES DISTRICT COURT
 2                   SOUTHERN DISTRICT OF CALIFORNIA


 3                            - - -
 4                   HONORABLE THOMAS J. WHELAN
              UNITED STATES DISTRICT JUDGE PRESIDING
 5                            - - -

 6    UNITED STATES OF AMERICA,  )
                                 )
 7           PLAINTIFF,          )
                                 )
 8    VS.                        ) NO.09CR1250-W
                                 )
 9    PATRICK JONES,             )
      DOMINIQUE WILLIS,          )
10                               )
             DEFENDANTS.         )
11    _____)

12

13                        SENTENCING
14             REPORTER'S TRANSCRIPT OF PROCEEDINGS
                     SEPTEMBER 13, 2010
15                   SAN DIEGO, CALIFORNIA

16

17
                 MELISSA A. PIERSON, CSR 12499, RPR
18                FEDERAL OFFICIAL COURT REPORTER
                   940 FRONT STREET, ROOM 3155
19                SAN DIEGO, CALIFORNIA 92101
                    PH:  (619)702-7508
20                PIERSON1121@SBCGLOBAL.NET

21

22

23

24

25
```

```
 1
      APPEARANCES OF COUNSEL:
 2
      ON BEHALF OF PLAINTIFF:
 3              KAREN P. HEWITT
                UNITED STATES ATTORNEY
 4              BY:  MS. ALESSANDRA SERANO, ESQ.
                BY:  MR. JASON FORGE, ESQ.
 5              ASSISTANT UNITED STATES ATTORNEYS
                880 FRONT STREET
 6              FIFTH FLOOR
                SAN DIEGO, CA 92101
 7
      ON BEHALF OF DEFENDANT JONES:
 8              MR. RUSSELL S. BABCOCK, ESQ.
                1901 FIRST AVENUE
 9              1ST FLOOR
                SAN DIEGO, CA 92101
10              (619) 531-0887
11
      ON BEHALF OF DEFENDANT WILLIS:
                FEDERAL DEFENDERS OF SAN DIEGO
12              BY:  MS. CANDIS MITCHELL, ESQ.
                225 W. BROADWAY
13              SAN DIEGO, CA 92101
                (619) 234-8467
14

15

16

17

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| 1 | SAN DIEGO, CALIFORNIA; MONDAY, SEPTEMBER 13, 2010 |
| 2 | - - - |
| 3 | (COURT IN SESSION AT 9:00 A.M.) |
| 4 | MADAM CLERK:  CASE NO. 09CR1250, UNITED STATES OF |
| 5 | AMERICA VERSUS PATRICK JONES AND DOMINIQUE WILLIS. |
| 6 | MS. MITCHELL:  CANDIS MITCHELL, FEDERAL DEFENDERS, |
| 7 | FOR MS. WILLIS. |
| 8 | MR. BABCOCK:  RUSSELL BABCOCK FOR MR. JONES. |
| 9 | MR. FORGE:  JASON FORGE AND ALESSANDRA SERANO FOR |
| 10 | THE UNITED STATES. |
| 11 | MR. BABCOCK:  YOUR HONOR, PATRICK JONES IS BEFORE |
| 12 | THE COURT.  AS WELL AS THE CO-DEFENDANT, MS. WILLIS. |
| 13 | THE COURT:  WE WILL START WITH YOUR CLIENT, |
| 14 | MR. BABCOCK.  THIS MATTER IS ON CALENDAR FOR SENTENCING.  DO |
| 15 | YOU WAIVE ARRAIGNMENT FOR JUDGMENT AND SENTENCE? |
| 16 | MR. BABCOCK:  YES, SIR. |
| 17 | THE COURT:  IS THERE ANY LEGAL CAUSE NOT TO |
| 18 | PROCEED? |
| 19 | MR. BABCOCK:  NO, YOUR HONOR. |
| 20 | THE COURT:  BY WAY OF BACKGROUND, I HAVE READ AND |
| 21 | CONSIDERED THE PRE-SENTENCE REPORT, THE GOVERNMENT'S SUMMARY |
| 22 | SENTENCING CHART, THE DEFENDANT'S SENTENCING MEMORANDUM, THE |
| 23 | DEFENDANT'S SENTENCING SUMMARY CHART, THE GOVERNMENT'S |
| 24 | EXHIBIT IN SUPPORT OF SENTENCING. |
| 25 | BY WAY OF A TENTATIVE, I WOULD NOT OPPOSE A TWO- |

1   LEVEL UPWARD ADJUSTMENT FOR DISTRIBUTION OF SEXUAL MATERIAL.

2   THE GOVERNMENT APPARENTLY AGREES ALTHOUGH THEY DON'T SEEK IT

3   IN THEIR SENTENCING SUMMARY CHART.  I DON'T FIND IT WOULD BE

4   APPLICABLE IN THIS CASE.

5           ALSO, I WOULD GIVE THE DEFENDANT A TWO-LEVEL

6   DOWNWARD ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY.  I

7   CONCUR WITH THE DEFENSE AND THE GOVERNMENT ON THAT

8   STANDPOINT.  AND I AGREE WITH THE PROBATION DEPARTMENT THAT

9   HIS CRIMINAL HISTORY CATEGORY IS THREE.  HE HAS A CRIMINAL

10  HISTORY SCORE OF SIX, AND A CATEGORY OF THREE.  THE

11  GOVERNMENT CONTENDS IT'S SEVEN AND FOUR.  I DON'T KNOW WHAT

12  THEY BASE THAT ON.

13          I WOULD NOT DEPART UPWARDS FOR UNCHARGED CONDUCT AS

14  SOUGHT BY THE PROBATION DEPARTMENT.  I AGREE WITH THE

15  GOVERNMENT THAT IT IS NOT WARRANTED.

16          THE GOVERNMENT SUGGESTS I GO TO THE HIGH END OF THE

17  RANGE.  THE DEFENSE REQUESTS I GO TO THE MANDATORY MINIMUM.

18  THE GUIDELINE RANGE IS A CATEGORY THREE, 180 TO 210 MONTHS.

19  I WOULD GO TO THE MANDATORY MINIMUM WHICH IS 180 MONTHS.  I

20  WILL RUN COUNTS ONE AND TWO CONCURRENT WITH EACH OTHER.

21          MR. BABCOCK:  YOUR HONOR, I WILL BE VERY BRIEF IN

22  LIGHT OF THE COURT'S REMARKS AND THE PAPERS I'VE ALREADY

23  SUBMITTED TO THE COURT.

24          WE ALREADY KNOW THE FACTS OF THIS TRAGIC CASE.  I

25  WON'T GO INTO IT.  SUFFICE IT TO SAY, I KNOW MY CLIENT IS

1    GOING TO WANT TO ADDRESS THE COURT.  HE IS TRULY REMORSEFUL

2    AND SORRY FOR THE FACT, ESPECIALLY THIS INVOLVED A

3    14-YEAR-OLD INDIVIDUAL.  HE WAS NOT AWARE OF THAT.  HE HAD

4    BEEN DRINKING THAT EVENING AND IT WAS JUST A VERY, VERY BAD

5    EVENING.  THIS BASICALLY HAD TRAGIC EFFECTS ON EVERYONE IN

6    THIS PARTICULAR CASE.

7            I WOULD ALSO BRING TO THE COURT'S ATTENTION, BUT

8    THE COURT ALREADY KNOWS THAT MR. JONES WAS ONLY 21 YEARS OLD

9    AT THE TIME OF THIS CONDUCT.  HE WAS A VERY YOUNG MAN.

10           PRESENT IN THE COURTROOM IS HIS MOTHER, MS. JONES.

11   YOU MET HER PREVIOUSLY.  AND ALSO HIS SISTER, JASMINE IS HERE

12   IN COURT TO SUPPORT PATRICK.

13           WHAT WE ARE GOING TO BE REQUESTING IN THIS CASE IS

14   MR. JONES VERY PRUDENTLY UNDERSTANDS THAT HE HAS TO PUT HIS

15   LIFE COMPLETELY TOGETHER, AND HIS LIFE HAS BEEN SHATTERED

16   HERE IN SAN DIEGO.  HE WANTS TO START OVER.  HE WANTS TO

17   LEAVE THE SAN DIEGO AREA.  HE IS REQUESTING SPECIFICALLY THE

18   COURT MAKE THE JUDICIAL RECOMMENDATION THAT HE BE HOUSED IN A

19   FEDERAL FACILITY IN GEORGIA.  ATLANTA, GEORGIA.  I'VE LOOKED

20   INTO THAT IN THE PRISON GUIDELINE BOOK, AND IT HAS EVERYTHING

21   FROM HIGH TO LOW CUSTODY.  IT HAS VOCATIONAL PROGRAMS.

22   MR. JONES HAS FAMILY IN THAT AREA.  HE WANTS TO COMPLETELY

23   LEAVE THE SAN DIEGO AREA AND START A NEW LIFE AND IS VERY

24   REASONABLE UNDER THE CIRCUMSTANCES.

25           I PLAN TO FILE A NOTICE OF APPEAL ON BEHALF OF

1    MR. JONES AND REQUEST TO BE RELIEVED AND A NEW ATTORNEY BE

2    APPOINTED.  DUE TO THE SERIOUSNESS OF THE CASE, I THINK

3    SOMEBODY SHOULD LOOK OVER MY WORK AS WELL AND MAKE SURE I DID

4    EVERYTHING CORRECT ON BEHALF OF MR. JONES.

5                ON THAT, I SUBMIT.  MR. JONES HAS A FEW REMARKS

6    THAT HE WOULD LIKE TO MAKE TO THE COURT.

7                THE COURT:  CERTAINLY.  MR. JONES, YOU DON'T HAVE

8    TO SAY ANYTHING, IT'S ENTIRELY UP TO YOU.

9                DEFT. JONES:  FIRST, I WANT TO SAY THANK YOU FOR

10   GIVING ME THIS OPPORTUNITY TO SPEAK.

11               THE COURT:  CERTAINLY.

12               DEFT. JONES:  I'M NOT GOING TO SIT HERE AND MAKE

13   ANY EXCUSES FOR MY ACTIONS TONIGHT.  BUT I KNOW FROM THIS DAY

14   FORWARD THAT I PLAN ON REALLY CHANGING MY WHOLE ASPECT OF

15   LIFE.  I MEAN, THIS HAS REALLY BEEN A REAL NIGHTMARE FOR ME.

16   I DON'T -- I KIND OF REALLY JUST THINK ABOUT WHAT I'M GOING

17   TO DO WHEN I GET OUT OF HERE, WHEN THIS IS ALL OVER AND SAID

18   AND DONE, AND I'M GOING TO TAKE EVERY OPPORTUNITY THAT I CAN

19   TO BETTER MYSELF WHILE I'M LOCKED UP.  I JUST WANT THE COURT

20   TO KNOW THAT I AM VERY REMORSEFUL.  I JUST -- RIGHT NOW, I'M

21   AT A LOSS FOR WORDS.  I'M SORRY.

22               THE COURT:  THAT'S OKAY.  THANK YOU, SIR.

23   MR. FORGE.

24               MR. FORGE:  THANK YOU, YOUR HONOR.

25               YOUR HONOR, FIRST OF ALL, IN TERMS OF THE

1   GUIDELINES CALCULATIONS, I WANT TO MAKE SURE THE COURT IS

2   AWARE THE GOVERNMENT IS CORRECT, IT'S A CRIMINAL HISTORY

3   CATEGORY FOUR.  THE PROBATION OFFICE AGREED THE INITIAL

4   CALCULATION WAS ERRONEOUS.  THE PROBATION OFFICER CORRECTED

5   THE ERROR AND ADDED A POINT FOR RECENCY.  AND THAT IS

6   ADDRESSED INTO THE ADDENDUM TO THE PRE-SENTENCE REPORT.

7            THE COURT:  I DON'T HAVE THE ADDENDUM.  THAT'S THE

8   PROBLEM.

9            MR. FORGE:  I THINK THE PROBATION OFFICER HAS A

10  COPY OF THE ADDENDUM FOR YOUR HONOR.

11           THE COURT:  GIVE MY JUST A MINUTE TO READ IT.

12                 (COURT PERUSING DOCUMENT.)

13           THE COURT:  ALL RIGHT.  I REVIEWED THE ADDENDUM.  I

14  WILL RETURN THIS TO THE PROBATION OFFICER.  I CONCUR THAT THE

15  TERM OF THE CRIMINAL HISTORY CATEGORY IS FOUR AND CRIMINAL

16  HISTORY CATEGORY SEVEN.

17           MR. FORGE:  THANK YOU, YOUR HONOR.  THE GOVERNMENT

18  IS NOT ADVOCATING A MECHANICAL SENTENCE HERE.  THE GUIDELINES

19  NEED TO BE CALCULATED CORRECTLY, BUT THIS IS THE LAST CASE

20  THAT SHOULD BE SENTENCED BASED ON A STRICTLY MECHANICAL

21  APPLICATION OF THE GUIDELINES, BECAUSE THIS IS A CASE THAT,

22  MORE THAN PRETTY MUCH ANY OTHER CASE IN THIS DISTRICT, HAS A

23  VERY HUMAN ELEMENT.  AND IT'S TELLING THAT NEITHER MR. JONES

24  NOR MR. BABCOCK MADE ANY MENTION OF THE VICTIM IN THIS CASE.

25  THIS WAS NOT THE FIRST TIME MR. JONES WAS INVOLVED IN

1   PROSTITUTING A 14 YEAR OLD.  IT WAS NOT EVEN THE FIRST TIME

2   THAT YEAR THAT JONES WAS INVOLVED IN PROSTITUTING A 14 YEAR

3   OLD.

4           AND I KNOW THAT HE PRESENTED HIMSELF AS SOMEBODY

5   INVOLVED IN THE PIMPING BUSINESS, AND THAT MAYBE STERILIZES

6   WHAT'S REALLY GOING ON HERE.  WHAT'S REALLY GOING ON HERE IS

7   THE RAPE OR ATTEMPTED RAPE OF UNDERAGED GIRLS.  AND THAT'S

8   WHAT MR. JONES AND MS. WILLIS, AND THE OTHERS WERE UP TO THAT

9   NIGHT.  THEY WERE ATTEMPTING TO FORCE A 14-YEAR-OLD-GIRL TO

10  HAVE SEX WITH MEN WILLING TO PAY TO DO SO.  AND THAT'S WHAT

11  THIS CASE HAS ALWAYS BEEN ABOUT.  AND THAT'S WHAT IT REMAINS

12  ABOUT TODAY.

13          NOW, WE DID RECOMMEND ACCEPTANCE OF RESPONSIBILITY

14  BECAUSE IT'S A TECHNICAL MATTER.  MR. JONES DID ADMIT ALL

15  ELEMENTS WHEN HE TESTIFIED, BUT HE ACCEPTED RESPONSIBILITY

16  ONLY AS A TECHNICAL MATTER.  THE REALITY IS HE HAS YET TO

17  ACKNOWLEDGE THAT THEY WERE ALL AWARE THAT THIS GIRL WAS

18  UNDERAGE, AND THEY WERE AWARE OF IT.

19          BY THE TIME SHE IS BAWLING IN THAT MOTEL ROOM, THEY

20  ARE ALL AWARE THAT SHE IS UNDERAGE.  AND INSTEAD OF SAYING

21  I'M IN THE ADULT PIMPING BUSINESS, MR. JONES SHIFTED TO A

22  MODE VERY FAMILIAR TO HIM OF PHYSICALLY ASSAULTING AND

23  FORCING THIS UNDERAGE GIRL TO HAVE SEX WITH MEN.

24          NOW, FORTUNATELY SHE ESCAPED BEFORE THEY WERE ABLE

25  TO COMPLETE ANY ONE OF THOSE TRANSACTIONS.  BUT THE INTENT

1   WAS THERE.  AND THEY HID EVERYTHING THEY COULD TO MAKE THAT

2   HAPPEN.

3           SO, THE REASON WHY THE GOVERNMENT IS RECOMMENDING A

4   210 MONTH SENTENCE, YOUR HONOR, NO. 1, THIS WAS NOT THE FIRST

5   TIME MR. JONES WAS INVOLVED IN THIS TYPE OF CONDUCT INVOLVING

6   A 14 YEAR OLD.  THIS WAS AT LEAST THE SECOND TIME THAT YEAR.

7           THIS WAS ALSO NOT THE FIRST TIME HE WAS INVOLVED

8   WITH THE PHYSICAL VIOLENCE AGAINST A 14 YEAR OLD TO FORCE HER

9   TO HAVE SEX WITH MEN.  THIS WAS AT LEAST THE SECOND TIME THAT

10  YEAR.  HE WAS, BY HIS OWN ACKNOWLEDGEMENT, A PROFESSIONAL

11  PIMP.  THAT'S WHAT HE DID.  THAT WAS HIS EXISTENCE.

12          NOW, HE MAY CHANGE THAT ASPECT OF HIS LIFE ONCE HE

13  IS OUT OF PRISON, THAT PLAN TO CHANGE CAN'T AVOID THE

14  CONSEQUENCES OF WHAT OCCURRED THAT NIGHT.  AND WE JUST THINK

15  THAT THE SERIOUSNESS OF THIS OFFENSE, THE PHYSICAL VIOLENCE

16  AGAINST THE VICTIM, AND MR. JONES' REPEATED CONDUCT ALONG

17  THOSE LINES WARRANT A SENTENCE OF 210 MONTHS.  THANK YOU.

18          THE COURT:  THANK YOU.

19          MR. BABCOCK:  YOUR HONOR, MAY I BRIEFLY RESPOND TO

20  THAT?

21          THE COURT:  CERTAINLY.

22          MR. BABCOCK:  THE COURT HEARD THE GUTS OF THE CASE

23  THROUGH THE TESTIMONY OF MY CLIENT, AS WELL AS MS. DORROUGH.

24  I THINK IT'S VERY CLEAR WHILE MY CLIENT'S CONDUCT WAS VERY

25  BAD THAT NIGHT, HE DID NOT STRIKE THE VICTIM, WAS NOT

1    INVOLVED IN BEATING HER.  IT WAS THE TWO WOMEN THAT DID THAT.

2    HE WAS NOT INVOLVED IN HER WALKING THE BLADE AT ALL THAT

3    EVENING.  BASICALLY HE WAS THERE ASSISTING IN THE PHOTOGRAPHY

4    AND IN THE POSING, AND WHILE THAT'S WRONG, IT CERTAINLY IS

5    NOT AS DESPICABLE AS THE COMMENT OF STRIKING THE GIRL IN THE

6    FACE AS THE OTHER CO-DEFENDANTS DID IN THIS CASE.

7             IN ANY EVENT, WE DON'T WANT TO REHASH THE FACTS TOO

8    MUCH.  MR. JONES REALIZES THAT HIS CONDUCT WAS HORRIBLE ON

9    HIS BEHALF.  HE IS SINCERELY REMORSEFUL.  HE WANTS TO CHANGE.

10   FIFTEEN YEARS IS A TOUGH, TOUGH SENTENCE.  IT'S A HARD

11   SENTENCE TO DEAL WITH.  IT'S AKIN TO WHAT DRUG DEALERS, LARGE

12   DRUG DEALERS GET, DRUG LORDS EVEN, AND I THINK IT'S CERTAINLY

13   SUFFICIENT TO GET ACROSS THE MESSAGE TO MR. JONES.  HE NEEDS

14   TO BE GIVEN SOME OPPORTUNITY, SOME CHANCE TO REHABILITATE IN

15   THIS CASE.

16            ONE OTHER THING I WANT TO MENTION, YOUR HONOR,

17   MR. FORGE AND I DISCUSSED THE ISSUE AND WE ARE IN AGREEMENT

18   THAT MR. JONES SHOULD RECEIVE CREDIT FOR THE TIME PERIOD THAT

19   HE RECEIVED ON THE STATE SIDE.  HE WAS NOT IN CUSTODY FOR THE

20   MATTER OFFENSES.  HE WAS HELD OVER THERE FOR A SUBSTANTIAL

21   PERIOD BEFORE HE WAS FINALLY CHARGED HERE IN FEDERAL COURT.

22            SO, THE NEW GUIDELINE RANGE, YOUR HONOR, WOULD BE

23   168 TO 210 MONTHS.  THE 180 MONTHS FALLS PRETTY MUCH IN THE

24   MIDDLE OF THAT.  A LITTLE BIT ON THE LOWER END, AND I THINK

25   IT IS ABSOLUTELY REASONABLE UNDER THESE CIRCUMSTANCES.

```
1              I WOULD RECOMMEND AGAIN, YOUR HONOR, THAT HE BE
2     DESIGNATED, IF POSSIBLE, TO THE PRISON IN ATLANTA, GEORGIA.
3     AND BE GIVEN CREDIT FOR TIME SERVED IN THIS CASE.  15 YEARS
4     IS CERTAINLY ENOUGH, IT IS NOT TOO MUCH.
5              THE COURT:  FIRST OF ALL, I THINK THE GUIDELINE IS
6     180 TO 210 MONTHS.  THE ADJUSTED OFFENSE LEVEL IS 32,
7     CRIMINAL HISTORY CATEGORY FOUR.
8              MR. FORGE:  THAT'S RIGHT, YOUR HONOR.  BECAUSE OF
9     THE MANDATORY MINIMUM.  I THINK MR. BABCOCK IS JUST LOOKING
10    AT THE GUIDELINE TABLE.  YOUR HONOR IS CORRECT, THE LOW END
11    BECOMES THE MANDATORY MINIMUM.
12             THE COURT:  I SEE WHAT YOU WERE DOING.
13             MR. BABCOCK:  YES, SIR.
14             THE COURT:  OKAY.  WELL, THIS CASE WAS TRAGIC FROM
15    START TO FINISH.  IT'S UNUSUAL FROM THE STANDPOINT THAT IT'S
16    RARE THAT WE DON'T HAVE THE VICTIM TESTIFY IN A CASE LIKE
17    THIS.  BUT I UNDERSTAND THE REASONS THAT THE VICTIM DIDN'T
18    TESTIFY, WHICH HAS NOTHING TO DO WITH THE SUFFICIENCY OF THE
19    RECORD FROM MY STANDPOINT.  BUT CERTAINLY SOMETHING I CAN
20    CONSIDER IN IMPOSING A SENTENCE.  AND I THINK THAT THE
21    SENTENCE OF 180 MONTHS, IN THIS PARTICULAR, BASED ON HIS AGE,
22    WOULD BE SUFFICIENT BUT NOT GREATER THAN NECESSARY.
23             THE GOVERNMENT, I ASSUME, WOULD HAVE NO OBJECTION
24    TO ME RECOMMENDING HE BE HOUSED IN THE SOUTHEAST REGION,
25    WHICH IS GEORGIA?
```

1          MR. FORGE:  THAT'S CORRECT, NO OBJECTION.

2          THE COURT:  I WILL MAKE THAT RECOMMENDATION,

3     MR. BABCOCK.  GEORGIA IS THE SOUTHEAST REGION.  ANYTHING

4     FURTHER?

5          MR. BABCOCK:  THE ONLY OTHER THING, YOUR HONOR,

6     THAT THE DEFENDANT RECEIVE CUSTODY CREDITS WHILE ON THE STATE

7     SIDE.

8          THE COURT:  THAT I DON'T KNOW HOW I CAN DO THAT

9     UNLESS SOMEBODY CAN TELL ME THE EXACT NUMBERS OF DAYS HE IS

10    ENTITLED TO AS OF TODAY, INCLUDING THEN.  I HAVE NO WAY OF

11    COMPUTING THOSE INDEPENDENTLY.

12         MR. BABCOCK:  HE WAS ARRESTED SEPTEMBER 30, 2008,

13    YOUR HONOR.  I CAN SUBMIT SOMETHING LATER ON, IF YOU WANT US

14    TO CALCULATE THE DAYS?

15         THE COURT:  MR. FORGE, DO YOU, BY CHANCE, KNOW THE

16    NUMBER OF DAYS?

17         MR. FORGE:  I DON'T KNOW THE NUMBER OF DAYS, YOUR

18    HONOR, BUT I THINK THAT'S SOMETHING THE BOP CALCULATES

19    ANYHOW.  YOUR HONOR SIMPLY INDICATES THE DEFENDANT SHOULD

20    RECEIVE CREDIT FOR TIME IN STATE CUSTODY BEFORE BEING

21    TRANSFERRED TO FEDERAL CUSTODY.

22         THE COURT:  DO YOU AGREE HE WAS IN CUSTODY IN THIS

23    CASE ON SEPTEMBER 30, 2008?

24         MR. FORGE:  YES, I DO, YOUR HONOR.

25         THE COURT:  I CAN DO IT THAT WAY, MR. BABCOCK, IS

```
 1    THAT AGREEABLE?

 2              MR. BABCOCK:  YES, YOUR HONOR.

 3              THE COURT:  ANYTHING ELSE BEFORE WE PROCEED?

 4              MR. FORGE:  NO, YOUR HONOR.

 5              THE COURT:  IN THIS MATTER, THE COURT FINDS FOR

 6    ADVISORY PURPOSES UNDER THE GUIDELINES, THE BASE OFFENSE

 7    LEVEL IS 32.  BECAUSE THE MINOR WAS UNDER THE AGE OF 16

 8    YEARS, THE BASE OFFENSE LEVEL IS INCREASED BY TWO.  I WOULD

 9    ADJUST THAT DOWNWARD TWO LEVELS FOR HIS ACCEPTANCE OF

10    RESPONSIBILITY PURSUANT TO GUIDELINE SECTION 3(E)1.1.

11              THAT GIVES ME AN ADJUSTED OFFENSE LEVEL OF 32, A

12    CRIMINAL HISTORY SCORE OF SEVEN, A CRIMINAL HISTORY CATEGORY

13    OF FOUR.  AS MR. BABCOCK INDICATES, THE ADVISORY GUIDELINE

14    RANGE WOULD BE 168 TO 210 MONTHS.  AS A PRACTICAL MATTER,

15    THERE IS A MANDATORY MINIMUM ON COUNT ONE OF 180 MONTHS.  THE

16    GUIDELINE RANGE WOULD BE 180 MONTHS TO 210 MONTHS.  MINDFUL

17    OF THE FACT THAT THE STATUTORY MAXIMUM FOR THE OFFENSE

18    CHARGED IN COUNT ONE IS UP TO 30 YEARS IN PRISON, WITH A

19    MANDATORY MINIMUM OF 15 YEARS.  THE DEFENDANT IS CHARGED IN

20    COUNT TWO WITH A MANDATORY MINIMUM OF TEN YEARS WITH A

21    MAXIMUM SENTENCE UP TO LIFE IN PRISON.  AND REVIEWING THE

22    CRITERIA SET FORTH IN TITLE 18, SECTION 3553(A), I'D FIND

23    THAT THE MANDATORY MINIMUM FOR COUNT ONE WOULD RUN CONCURRENT

24    AS TO BOTH COUNTS AND WOULD BE SUFFICIENT BUT NOT GREATER

25    THAN NECESSARY.
```

1          THEREFORE, PURSUANT TO THE SENTENCING REFORM ACT OF

2    1984, IT WOULD BE THE JUDGMENT AND SENTENCE OF THIS COURT

3    THAT THE DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY

4    OF THE BUREAU OF PRISONS FOR A TERM OF IMPRISONMENT OF 180

5    MONTHS ON COUNT ONE, 180 MONTHS ON COUNT TWO.  THOSE TERMS

6    ARE TO RUN CONCURRENT WITH EACH OTHER FOR A TOTAL OF 180

7    MONTHS IN CUSTODY.

8          A STATUTORY FINE IS NOT IMPOSED DUE TO HIS

9    INABILITY TO PAY.  I WILL IMPOSE A MANDATORY SPECIAL

10   ASSESSMENT OF $100 PER COUNT FOR A TOTAL OF A $200 SPECIAL

11   ASSESSMENT.

12         I WILL ORDER THAT HE PAY RESTITUTION IN THE AMOUNT

13   OF $2,160 JOINTLY AND SEVERALLY WITH THE CO-DEFENDANTS, TO

14   THE CLERK OF THE US DISTRICT COURT, TO THE CALIFORNIA VICTIMS

15   COMPENSATION GOVERNMENT CLAIMS BOARD.  THAT AMOUNT IS PAYABLE

16   FORTHWITH OR THROUGH THE INMATE FINANCIAL RESPONSIBILITY

17   PROGRAM AT A RATE OF $25 PER QUATER DURING YOUR PERIOD OF

18   INCARCERATION.  THE PAYMENT OF ANY REMAINING BALANCE IS TO BE

19   MADE FOLLOWING DEFENDANT'S RELEASE FROM PRISON AT THE RATE OF

20   $200 OR MORE PER MONTH.

21         I WILL RECOMMEND TO THE BUREAU OF PRISONS THAT HE

22   BE HOUSED IN THE GEORGIA SOUTHEAST REGION.

23         FOLLOWING YOUR RELEASE FROM CUSTODY, MR. JONES, YOU

24   ARE ON SUPERVISED RELEASE FOR A PERIOD OF TEN YEARS AS TO

25   EACH COUNT.  THOSE TERMS ARE TO RUN CONCURRENT WITH EACH

1   OTHER.

2          I WILL IMPOSE ALL THE STANDARD TERMS AND CONDITIONS

3   OF SUPERVISION AND THE FOLLOWING SPECIAL CONDITIONS.

4          FIRST, YOU ARE TO PARTICIPATE IN A PROGRAM OF DRUG

5   AND ALCOHOL ABUSE COUNSELING -- DRUG AND ALCOHOL ABUSE

6   TREATMENT, INCLUDING URINALYSIS TESTING AND COUNSELING AS

7   DIRECTED BY YOUR SUPERVISING PROBATION OFFICER.

8          YOU ARE TO REPORT ALL VEHICLES THAT YOU OWN OR

9   OPERATE OR IN WHICH YOU HAVE AN INTEREST TO YOUR PROBATION

10  OFFICER.

11         YOU ARE TO SUBMIT TO A SEARCH OF YOUR PERSON,

12  PROPERTY, PLACE OF RESIDENCE, VEHICLE, AND PERSONAL EFFECTS

13  WHENEVER REQUESTED TO DO SO AT A REASONABLE TIME AND

14  REASONABLE MANNER BY A PROBATION OFFICER OR LAW ENFORCEMENT

15  OFFICER.

16         YOU ARE TO COMPLETE A SEX OFFENDER EVALUATION,

17  WHICH MAY INCLUDE PERIODIC PSYCHOLOGICAL OR PHYSIOLOGICAL

18  TESTING AND THE COMPLETION OF AN ABEL ASSESSMENT AT THE

19  DIRECTION OF THE PROBATION OFFICER.

20         THAT YOU PARTICIPATE AND SUCCESSFULLY COMPLETE AN

21  APPROVED STATE CERTIFIED SEX OFFENDER TREATMENT PROGRAM.

22  INCLUDING COMPLIANCE WITH ALL LIFESTYLE RESTRICTIONS AND

23  TREATMENT PLANS AND PROGRAMS.

24         YOU ARE NOT TO HAVE ANY UNSUPERVISED CONTACT WITH A

25  CHILD UNDER THE AGE OF 18, UNLESS IN THE PRESENCE OF A

1    SUPERVISING ADULT WHO IS AWARE OF HIS CONVICTION AND ALSO

2    WITH PRIOR APPROVAL OF HIS SUPERVISING PROBATION OFFICER.

3           YOU ARE NOT TO HAVE ANY CONTACT, DIRECT OR

4    INDIRECT, TELEPHONICALLY, VISUALLY OR VERBALLY, THROUGH

5    WRITTEN MATERIAL OR ANY THIRD PARTY COMMUNICATION WITH THE

6    VICTIM OR THE VICTIM'S FAMILY WITHOUT THE APPROVAL OF THE

7    PROBATION OFFICER.

8           DON'T ASSOCIATE WITH OR HAVE ANY CONTACT WITH SEX

9    OFFENDERS UNLESS IN AN APPROVED TREATMENT COUNSELING SETTING.

10          DON'T BE EMPLOYED OR PARTICIPATE IN ANY VOLUNTEER

11    ACTIVITY THAT INCLUDES CONTACT WITH CHILDREN UNDER THE AGE OF

12    18, EXCEPT UNDER CIRCUMSTANCES THAT ARE APPROVED IN ADVANCE

13    AND IN WRITING BY YOUR PROBATION OFFICER.

14          DON'T ACCEPT AND COMMENCE EMPLOYMENT WITHOUT THE

15    PRIOR APPROVAL OF YOUR PROBATION OFFICER.  AND EMPLOYMENT

16    SHOULD BE SUBJECT TO CONTINUOUS REVIEW AND ASSESSMENT OF THE

17    PROBATION DEPARTMENT.

18          CONSENT TO THIRD PARTY DISCLOSURE WITH ANY EMPLOYER

19    OR POTENTIAL EMPLOYER CONCERNING ANY RESTRICTIONS IMPOSED BY

20    THE COURT TODAY.

21          YOU ARE TO RESIDE IN A RESIDENCE APPROVED IN

22    ADVANCE BY YOUR PROBATION OFFICER AND ANY CHANGES IN YOUR

23    RESIDENCE SHALL BE PRE-APPROVED BY YOUR PROBATION OFFICER.

24          YOU ARE TO CONSENT TO THE INSTALLATION OF SYSTEMS

25    THAT WILL ENABLE THE PROBATION OFFICER TO MONITOR COMPUTER

1    USE OR ANY COMPUTER OWNED OR CONTROLLED BY YOU.

2          YOU WOULD BE REQUIRED TO PAY THE COST OF THE

3    INSTALLATION OF THE COMPUTER SOFTWARE.

4          AND ALSO, AS YOU ARE AWARE, MR. JONES, THE OFFENSE

5    YOU WERE CONVICTED OF REQUIRES THAT YOU REGISTER AS A SEX

6    OFFENDER IN ANY STATE WHICH YOU RESIDE, FOR THE REST OF YOUR

7    LIFE.

8          IT'S MY DUTY, SIR, TO ADVISE YOU OF YOUR RIGHT TO

9    APPEAL.  I KNOW MR. BABCOCK INDICATES HE IS GOING TO FILE AN

10   APPEAL FOR YOU, BUT LET ME TELL YOU OF THESE ANYWAY, OKAY?

11         DEFT. JONES:  YES, SIR.

12         THE COURT:  IT IS MY DUTY AT THIS TIME TO ADVISE

13   YOU OF YOUR APPEAL RIGHTS.  YOU HAVE AN ABSOLUTE RIGHT TO

14   APPEAL FROM THE JUDGEMENT OF THE COURT IMPOSING SENTENCE ON

15   YOU TODAY.  THAT MEANS IF YOU WISH TO APPEAL, YOU MUST FILE

16   YOUR WRITTEN NOTICE OF YOUR INTENT TO APPEAL WITHIN 14 DAYS

17   FROM THE TIME JUDGMENT IS ENTERED.  THAT NOTICE MUST BE IN

18   WRITING AND SIGNED BY YOU OR YOUR ATTORNEY OR BOTH OF YOU.

19   IT MUST SPECIFY WHAT IT IS YOU ARE APPEALING FROM, WHETHER IT

20   IS FROM THE WHOLE JUDGMENT OR PART OF THE JUDGMENT.

21         IF YOU DO APPEAL, YOU HAVE THE RIGHT TO A COMPLETE

22   TRANSCRIPT OF THE TRIAL PROCEEDINGS.

23         IF YOU APPEAL AND DO NOT HAVE THE FINANCIAL ABILITY

24   TO RETAIN THE SERVICES OF AN ATTORNEY TO REPRESENT YOU ON

25   APPEAL, THE APPELLATE AUTHORITIES WILL APPOINT COUNSEL TO

1     REPRESENT YOU.

2              IN THAT REGARD, IT'S YOUR OBLIGATION TO KEEP THE

3     APPELLATE AUTHORITIES ADVISED AT ALL TIMES OF YOUR CURRENT

4     ADDRESS SO THEY CAN BE IN TOUCH WITH YOU TO ADVISE YOU OF

5     YOUR APPOINTED COUNSEL.

6              DO YOU UNDERSTAND WHAT I JUST TOLD YOU, SIR?

7              DEFT. JONES:  YES, SIR.

8              THE COURT:  DO YOU UNDERSTAND THAT UNLESS YOU FILE

9     YOUR WRITTEN NOTICE OF YOUR INTENT TO APPEAL IN THIS COURT

10    AND NOT IN THE APPELLATE COURT WITHIN 14 DAYS FROM THE DATE

11    JUDGMENT WAS ENTERED YOU WOULD LOSE THAT RIGHT FOREVER?

12             DEFT. JONES:  YES, SIR.

13             THE COURT:  IS THERE ANY QUESTIONS YOU WANT TO ASK

14    ME ABOUT YOUR APPEAL RIGHTS?

15             DEFT. JONES:  NO, SIR.

16             THE COURT:  DO YOU UNDERSTAND THEM?

17             DEFT. JONES:  YES, SIR.

18             THE COURT:  GOOD LUCK TO YOU, SIR.

19             MR. BABCOCK:  YOUR HONOR, UPON MY REPRESENTATION, I

20    WILL BE FILING A NOTICE OF APPEAL.  I ALSO WILL BE REQUESTING

21    TO BE RELIEVED AND THAT MAGISTRATE PORTER APPOINT COUNSEL ON

22    APPEAL.

23             THE COURT:  THAT WILL HAPPEN.

24             MR. BABCOCK:  THANK YOU.

25             THE COURT:  MS. MITCHELL, WITH REGARD TO

1     MS. WILLIS?

2            MS. MITCHELL:  YOUR HONOR, APOLOGIZE TO THE COURT

3     FOR TURNING OVER THE SENTENCING DOCUMENTS SO LATE IN THE DAY

4     ON FRIDAY.  MS. WILLIS WAS PROVIDING ME ADDITIONAL DOCUMENTS

5     THAT I JUST RECEIVED IN THE MAIL LATER ON IN THE AFTERNOON,

6     BUT I DIDN'T HAVE A CHANCE TO CONCLUDE THERE, SO I WILL

7     SUMMARIZE THOSE DOCUMENTS FOR THE COURT.

8            THE COURT:  I READ THEM.

9            MS. MITCHELL:  THANK YOU, YOUR HONOR.  WITH REGARD

10    TO MS. WILLIS, I WON'T REHASH WHAT'S ALREADY THERE IN THE

11    PAPERWORK.  WE ARE REQUESTING AN 84-MONTH SENTENCE.

12           THE COURT:  LET ME BACK UP AND MAKE A RECORD OF

13    WHAT WE ARE DOING HERE FIRST.

14           WITH REGARD TO THE SENTENCING, THE MATTER IS ON

15    CALENDAR FOR SENTENCING, DO YOU WAIVE ARRAIGNMENT FOR

16    JUDGMENT AND SENTENCE?

17           MS. MITCHELL:  YES, YOUR HONOR.

18           THE COURT:  IS THERE ANY LEGAL CAUSE NOT TO

19    PROCEED?

20           MS. MITCHELL:  NO, YOUR HONOR.

21           THE COURT:  BY WAY OF BACKGROUND IN HER CASE, I

22    HAVE READ THE CRIMINAL HISTORY REPORT PREPARED BY THE

23    PROBATION DEPARTMENT.  THE PLEA AGREEMENT -- THE SECONDARY

24    AGREEMENT, I SHOULD INDICATE, BETWEEN THE PARTIES.  THE

25    GOVERNMENT'S SENTENCING CHART, THE DEFENDANT'S SENTENCING

1    MEMORANDUM, WHICH I ORDERED FILED UNDER SEAL BASED ON THE

2    NATURE OF THE CONTENTS, ALONG WITH THE ATTACHMENTS.  I ASSUME

3    THAT'S WHAT YOU WERE REFERRING TO?

4          MS. MITCHELL:  YES, YOUR HONOR.

5          THE COURT:  AS THE PARTIES ARE AWARE, THERE WAS NO

6    PRE-SENTENCE REPORT IN THIS CASE.  BUT THE PARTIES AGREE ON

7    THE GUIDELINE CALCULATIONS.  THE PARTIES ALSO AGREE ON A

8    CRIMINAL HISTORY CATEGORY.  AND THE PARTIES TO THE PLEA

9    AGREEMENT ALSO AGREE THAT MS. MITCHELL CAN ASK FOR A SENTENCE

10   THAT'S (INAUDIBLE) THE BEST WAY TO PUT IT, OF 84 MONTHS.

11         LET ME STATE A FEW THOUGHTS ON THIS AND I'M HAPPY

12   TO LISTEN TO EVERYBODY.  FIRST OF ALL, I HAVE NO PROBLEM

13   GIVING MS. WILLIS A COMBINATION OF FACTORS DEPARTURE OF TWO

14   OR THREE, MAYBE EVEN FOUR LEVELS.  PROBABLY THREE LEVELS, FOR

15   THE FOLLOWING REASONS.

16         IT IS CLEAR TO ME FROM TRIAL TESTIMONY, AS WELL AS

17   THE PLEAS OF THE CO-DEFENDANTS, SHE IS THE LEAST CULPABLE OF

18   THE FOUR DEFENDANTS.  AND IN ORDER TO PREVENT DISPARITY OF

19   SENTENCING, A THINK A COMBINATION OF FACTORS DEPARTURE WOULD

20   BE APPROPRIATE.

21         SHE DOESN'T HAVE A HISTORY OF SIMILAR TYPE CONDUCT

22   AS HER CO-DEFENDANTS HAD.  THE PLEA AGREEMENT OBVIOUSLY

23   CONTEMPLATES SOME TYPE OF ADJUSTMENT FROM THE GUIDELINES, AND

24   I ALSO WOULD NOTE THE GOVERNMENT GAVE HER FURTHER

25   CONSIDERATION BY LETTING HER WITHDRAW HER ORIGINALLY ENTERED

1    PLEA SO SHE COULD PLEAD TO A NON-REGISTRABLE OFFENSE.  THE

2    PROBLEM I HAVE IS THAT I DON'T HAVE A PRE-SENTENCE REPORT, SO

3    I AM KIND OF IN THE DARK AS TO A BASIS TO REALLY DO TOO MUCH

4    UNLESS THE PARTIES SOMEHOW WANT TO AGREE, I DON'T KNOW, ON A

5    GOVERNMENT MOTION.  I MAY HAVE TO ORDER A PRE-SENTENCE

6    REPORT.

7             MY TENTATIVE WOULD BE TO GIVE HER THREE LEVELS OFF

8    FOR A COMBINATION OF FACTORS.  THAT WOULD TAKE HER TO A

9    GUIDELINE RANGE OF 97 TO 121 MONTHS.  IT WOULD PUT HER

10   BETWEEN MS. DORROUGH AND MR. TOUSANT.

11            MR. FORGE:  YOUR HONOR, WE ACTUALLY -- THE

12   GOVERNMENT IS NOT ADVOCATING ANY SORT OF DEPARTURE IN THIS

13   CASE.  I REALIZE THE PLEA AGREEMENT ALLOWS MS. MITCHELL TO

14   ARGUE FOR 84 MONTHS.  BUT BY INCLUDING THAT IN THE PLEA

15   AGREEMENT, WE CERTAINLY DIDN'T MEAN TO INDICATE OR SIGNAL

16   THAT THE GOVERNMENT WAS IN AGREEMENT WITH THAT.  THE FACT OF

17   THE MATTER IS THIS IS A MANDATORY MINIMUM OFFENSE.

18            THE COURT:  LET'S STOP THERE.  MS. WILLIS (SIC) --

19   I MEAN, MS. MITCHELL, IT IS PROBABLY IN YOUR CLIENT'S BEST

20   INTEREST THAT I ORDER A PRE-SENTENCE REPORT.

21            MS. MITCHELL:  I UNDERSTAND, YOUR HONOR.  WOULD IT

22   BE POSSIBLE FOR THE MATERIALS THAT WERE SUBMITTED AS PART OF

23   THE SENTENCING MEMORANDUM TO FORM A BASIS OF A COMBINATION OF

24   CIRCUMSTANCES TO BE USED --

25            THE COURT:  YES, IT CAN.  BUT I READ ALL OF THAT.

1   THE PROBLEM IS, I JUST DON'T KNOW ENOUGH ABOUT YOUR CLIENT.

2   I REALLY NEED TO KNOW MORE.  WE ONLY ORDERED A CRIMINAL

3   HISTORY CHECK.  THAT'S ALL PROBATION HAS DONE.  THEY HAVEN'T

4   TALKED TO ANY RELATIVE.  THEY HAVEN'T DONE ANYTHING.  I'M NOT

5   CRITICIZING ANYBODY.  WHEN YOU ARE ASKING FOR THAT TYPE OF

6   DEPARTURE IN THIS TYPE OF CASE, I'M NOT SAYING I WILL DO IT

7   AND I'M NOT SAYING I WON'T DO IT.  I DO NEED SOME MORE

8   INFORMATION SO I CAN HOPEFULLY MEANINGFULLY EXERCISE MY

9   DISCRETION.

10          MS. MITCHELL:  YOUR HONOR, MAY I HAVE A MOMENT?

11          THE COURT:  SURE.

12          MR. FORGE:  YOUR HONOR, I DON'T KNOW IF THIS

13   ADDRESSES THE COURT'S ISSUES AND BE ACCEPTABLE TO

14   MS. MITCHELL AND MS. WILLIS.  THE GOVERNMENT DOESN'T HAVE ANY

15   PROBLEM WITH THE LETTERS SUBMITTED ON BEHALF OF MS. WILLIS,

16   IF THE COURT FEELS THAT PROVIDES A SUFFICIENT DESCRIPTION OF

17   HER BACKGROUND.

18          THE COURT:  NO, IN A CASE LIKE THIS, MR. FORGE, I'M

19   SERIOUSLY CONSIDERING DEPARTING ON THE PSYCHE CASE, I NEED A

20   PRE-SENTENCE REPORT.  OBVIOUSLY EVERYBODY ISN'T AGREEING AND

21   THAT IS FINE.  IN ORDER TO EXERCISE MY DISCRETION, I NEED

22   SOMETHING FROM AN INDEPENDENT SOURCE TO BASE IT ON.

23          MR. FORGE:  I SEE.

24          THE COURT:  AGAIN, I'M NOT SAYING I WILL OR WON'T

25   DEPART.  I'M JUST SAYING I HAVE TO HAVE SOMETHING ON WHICH TO

1    MAKE THAT DECISION.

2           MS. MITCHELL:  WOULD IT BE POSSIBLE FOR US TO

3    CONTINUE THE SENTENCING TWO WEEKS TO ALLOW ME TIME TO GIVE

4    THE COURT AN INDEPENDENT CONFIRMATION OF ALL THE INFORMATION

5    THAT'S IN THE SENTENCING MEMORANDUM?  FOR INSTANCE, PROVIDE

6    ALL THE DOCUMENTATION THAT THE PROBATION OFFICER GENERALLY

7    PROVIDES TO CONFIRM THE INFORMATION THERE?

8           THE COURT:  WELL, I'M NOT SO SURE THAT'S GOING TO

9    HELP ME THAT MUCH, MS. MITCHELL.  THAT'S THE PROBLEM.  THE

10   GOVERNMENT IS PRETTY CLEAR IT WANTS AT LEAST THE LOW END OF

11   THE GUIDELINES, 135 MONTHS.  YOU'RE SEEKING 84 MONTHS, WHICH

12   IS WHAT YOU ARE PERMITTED TO SEEK BEFORE WHAT YOU ARE

13   PERMITTED TO SEEK TO THE PLEA AGREEMENT.  THAT'S A VERY WIDE

14   DISPARITY TO A CASE INVOLVING THESE TYPES OF CHARGES.  I'M

15   NOT COMFORTABLE GOING ONE WAY OR THE OTHER UNLESS I HAVE

16   SOMETHING FROM THE THIRD PARTY.  I KNOW YOU ARE REPRESENTING

17   YOUR CLIENT.  THEY ARE REPRESENTING THEIR CLIENT.  I'M KIND

18   OF CAUGHT IN THE MIDDLE.

19          MS. MITCHELL:  I UNDERSTAND, YOUR HONOR.  WE ARE

20   ACTIVELY SEEKING TO NOT HAVE TO DO A PRE-SENTENCE REPORT IN

21   THE CASE TO PROVIDE MS. WILLIS THE BEST OPPORTUNITY TO NOT

22   REGISTER HER AS A SEX OFFENDER.  IF THE COURT IS SEEKING ANY

23   CONFIRMATION --

24          THE COURT:  HOW IS ORDERING A PRE-SENTENCE REPORT

25   GOING TO AFFECT THAT ONE WAY OR THE OTHER?  THE CHARGES SHE

```
1    PLEAD TO --
2              MS. MITCHELL:  I UNDERSTAND THAT, YOUR HONOR.  MY
3    UNDERSTANDING, BASED ON THE WAY THAT THE INDIVIDUALS HAVE TO
4    REGISTER, THE BOP CAN TAKE INTO CONSIDERATION FACTS THAT ARE
5    INCLUDED WITHIN THE PRE-SENTENCE REPORT.  IF THEY WERE TO
6    READ THE FACTS OF THE OFFENSE IN THE PRE-SENTENCE REPORT,
7    THEY COULD THEN REFER THE CASE TO HAVE MS. WILLIS REGISTER.
8              THE COURT:  THAT'S A RISK.  I CAN'T ADVISE YOU WHAT
9    TO DO.  I CAN'T ADVISE YOU OR THE GOVERNMENT WHAT TO DO.  I
10   THINK I STATED MY POSITION PRETTY CLEARLY.  THERE IS NOTHING
11   MORE THAT I CAN SAY.  EITHER THEY WANT A PRE-SENTENCE REPORT
12   OR YOU WANT TO TRY TO NEGOTIATE SOMETHING ELSE WITH THE
13   GOVERNMENT.  I DON'T KNOW WHAT YOU WANT TO DO.  I'M NOT
14   ADVISING YOU ONE WAY OR THE OTHER.  IF YOU WANT, YOU CAN PUT
15   IT OVER FOR STATUS FOR A WEEK SO YOU AND MR. FORGE CAN TALK
16   ABOUT IT SOME MORE, THEN THAT'S FINE.
17             MS. MITCHELL:  MS. WILLIS IS INDICATING SHE WISHES
18   TO GO FORWARD WITH THE SENTENCING AT THIS TIME.
19             THE COURT:  FINE.  MY TENTATIVE, THEN, IN THAT
20   CASE, MY TENTATIVE WOULD BE TO GIVE HER A TWO-LEVELS
21   DEPARTURE FOR A COMBINATION OF FACTORS.  I WOULD GO TO THE
22   LOW END OF THE ADJUSTED GUIDELINE RANGE.  I WILL LISTEN TO
23   EVERYBODY.
24             MS. MITCHELL:  ONE MOMENT, YOUR HONOR.
25             THE COURT:  IT'S 108 TO 135 MONTHS IS THE GUIDELINE
```

1   RANGE, IF THAT'S WHAT YOU ARE TRYING TO FIGURE OUT.

2         MS. MITCHELL:  IN THIS MATTER, WE CONTINUE TO URGE

3   THE COURT TO GO DOWN AN ADDITIONAL LEVELS TO PLACE HER AT THE

4   TWO ADDITIONAL LEVELS EVENTUALLY PLACING HER AT 84 MONTHS.

5         IN THIS CASE, MS. WILLIS, AS THE DOCUMENTS TO THE

6   COURT INDICATE, HER FAMILY, ESSENTIALLY, CONFIRMS ALL OF THE

7   FACTS OF HER STORY.  THEY, ESSENTIALLY, CONFIRM EVERY SINGLE

8   THING THAT WAS MENTIONED IN HER PRE-SENTENCE REPORT.  SHE WAS

9   19 WHEN THIS STARTED.  SHE IS 21 NOW.  SHE IS A YOUNG WOMAN

10  WHO, AS THE COURT HAS RECOGNIZED, IS THE LEAST CULPABLE OF

11  ALL THE INDIVIDUALS INVOLVED.

12        ON THE DAY OF THE OFFENSE, SHE HAD MET UP WITH HER

13  FRIENDS AND AS SAID, OF COURSE, ENDED IN AN UNFORTUNATE

14  SPIRAL THAT ENDED UP WITH HER BEING PRESENT BEFORE THE COURT.

15        WHAT I WOULD MOST LIKE TO EMPHASIZE BEFORE THE

16  COURT ARE THE FACTORS SEPARATE AND APART FROM THE DAY OF THE

17  OFFENSE, THE FACTORS THAT MAKE UP MS. WILLIS AS AN

18  INDIVIDUAL.  SHE HAS GROWN UP WITH A CLOSE KNIT FAMILY,

19  PRESENT WITH HER IN COURT ARE HER MOTHER, HER SISTER, AND

20  THEY ARE ALL HERE TO SUPPORT HER, AS THEY HAVE BEFORE, AND

21  WILL CONTINUE TO SUPPORT HER AFTERWARDS.

22        SHE IS A MOTHER OF A YOUNG SON WHO SHE

23  UNFORTUNATELY HAS BEEN SEPARATED FROM AS THE COURSE OF THIS

24  EVENT.  AND HER SOLE FOCUS IN THE COURSE OF THE PLEADINGS AND

25  COURSE OF HER BEHAVIOR HERE IN EVERYTHING IS TO BE ABLE TO

1    SPEND TIME WITH HIM AGAIN.

2          NOW, MS. WILLIS IS A PERSON WHO HAS WORKED HER

3    ENTIRE LIFE.  SHE HAS WORKED AT WALMART.  SHE WORKED AT

4    MCDONALD'S.  SHE WORKED AT A NUMBER OF PLACES.  MINIMUM WAGE

5    JOBS, BUT THEY WERE WHAT SHE COULD DO.  SHE WENT TO HIGH

6    SCHOOL.  SHE GRADUATED FROM HIGH SCHOOL WHILE PREGNANT.  SHE

7    EVENTUALLY HAD HER SON, MOVED IN WITH THE FATHER OF HER SON

8    BECAUSE HER MOTHER THREW HER OUT TO TEACH HER A LESSON AND

9    WANTED HER TO BE INDEPENDENT, WHICH SHE WAS.  SHE LIVED IN AN

10   APARTMENT WITH HIM.  THEY HAD A JOB, THEY WORKED TOGETHER.

11   IT WAS ONLY AFTER SHE LOST HER JOB THAT SHE HAD TO MOVE BACK

12   IN WITH HER MOTHER AND UNFORTUNATELY THAT RELATIONSHIP ENDED.

13   THROUGH IT ALL, MS. WILLIS HAS REMAINED A PERSON FOCUSED ON

14   GETTING BACK TO HER SON AND FOCUSED ON TRYING TO GET BACK TO

15   HER SON AND THAT IS THE REASON WHY SHE PLEAD GUILTY THE WAY

16   SHE DID, THE REASON WHY SHE IS TRYING TO GET THE LEAST AMOUNT

17   OF TIME POSSIBLE.

18          SOME OF THE LETTERS THAT I DIDN'T GET THE CHANCE TO

19   INCLUDE TO THE COURT, BUT THAT I RECEIVED LATE IN THE DAY ON

20   FRIDAY, WERE LETTERS FROM HER CHURCH.  HER PASTOR IS ACTUALLY

21   HERE PRESENT IN COURT.  THERE ARE A NUMBER OF LETTERS FROM

22   INDIVIDUALS IN HER CHURCH WHO FEEL THAT SHE IS A PERSON WHO

23   MADE A POOR CHOICE, BUT THEY DON'T THINK THE POOR CHOICE

24   SHOULD DEFINE WHO SHE IS.  SHE IS GREATER THAN THAT CHOICE,

25   AND GREATER THAN WHAT HAPPENED AND SHE IS, IN HER HEART, A

1    GOOD PERSON.

2         ONE OF THE MOST TELLING THINGS ABOUT MS. WILLIS IS

3    THE FACT IT COULD HAVE BEEN HER.  THERE IS VERY LITTLE

4    DIFFERENCE BETWEEN THE COMPLAINING WITNESS IN THIS CASE, MS.

5    ****, EXCUSE ME -- VERY LITTLE DIFFERENCE BETWEEN THE

6    COMPLAINING WITNESS IN THIS CASE AND MS. WILLIS.  SHE VERY

7    EASILY COULD HAVE BEEN HER.  I BELIEVE THE MEMO SUBMITTED TO

8    THE COURT INDICATES WHY MS. WILLIS COULD HAVE EASILY SWITCHED

9    PLACES WITH HER.  SHE IS A PERSON WHO HAS BEEN IN A SIMILAR

10   TYPE OF SITUATION.  SHE IS A PERSON WHO HAS GONE THROUGH THIS

11   TYPE OF THING.  SHE IS NOT A PERSON WHO'S SO SEPARATED AND

12   REMOVED FROM THE SITUATION THAT SHE DOESN'T HAVE AN

13   UNDERSTANDING OF WHAT'S GOING ON, AND THAT STRIKES HER BOTH

14   WAYS.  IT'S SOMETHING THAT'S NEGATIVE AND POSITIVE FOR HER.

15        BUT IT WAS HARD FOR ME WHEN I WAS LOOKING AT THIS

16   CASE TO LOOK AT THIS CASE AND TRY AND FIGURE OUT HOW SOMEONE

17   COULD HAVE BEEN THERE AND HOW THIS COULD HAVE HAPPENED WHERE

18   YOU KNOW YOU JUST LOOK AT THIS AND WHY DIDN'T YOU DO THIS?

19   WHY DIDN'T YOU STEP AWAY?  WHY DIDN'T YOU SAY STOP?

20        AND I THINK THAT JUST THE ENVIRONMENT SHE HAS GROWN

21   UP IN, THE THINGS SHE HAS SEEN, THE THINGS SHE EXPERIENCED

22   HAS SHOWN WHAT WAS GOING ON THAT DAY IN THAT HOTEL ROOM WAS

23   NOT SOMETHING THAT WAS SO FAR IN A WAY DIFFERENT FROM THE

24   EXPERIENCES THAT MS. WILLIS HAS HAD GROWING UP, AND THE

25   EXPERIENCES THAT SHE HAS GONE THROUGH THAT WOULD MAKE IT SEEM

1   ABSOLUTELY AS APPARENT TO HER AS IT WOULD TO ANY OTHER

2   INDIVIDUAL WHO'S LOOKING AS AN INDEPENDENT OBSERVER.

3          THIS IS HER LIFE.  GOOD, BAD, UGLY THIS IS HER

4   LIFE.  IT'S A LIFE THAT SHE HAS LIVED, AND IT'S A LIFE THAT

5   SHE IS TRYING TO STEP AWAY FROM.  IT'S NOT SOMETHING THAT SHE

6   IS REPEATEDLY INVOLVED IN.  IT'S NOT SOMETHING THAT SHE HAS

7   TAKEN STEPS TO ACTIVELY PIMP OR PAY FOR INDIVIDUALS.  SHE IS

8   NOT A PERSON WHO IS INVOLVED IN THE GAIN.

9          SHE IS WOMAN WHO MADE A POOR DECISION TO HANG OUT

10  WITH SOME FRIENDS ON A NIGHT THAT SHE SHOULD HAVE STOPPED

11  SOMETHING AND SHE SHOULD NOT HAVE GONE ALONG WITH THE THINGS

12  OTHER PEOPLE WERE DOING.  SHE SHOULD NOT HAVE TAKEN THE ROLE

13  THAT SHE TOOK.  BUT SHE IS NOT A PIMP.  SHE IS HERSELF AS,

14  ESSENTIALLY, THE SAME KIND OF VICTIM THAT COMPLAINING WITNESS

15  IS.

16         SHE IS A PERSON WHO LOOKED AROUND AT HER

17  SURROUNDINGS AND THOUGHT THIS WAS AN EASY WAY TO MAKE MONEY.

18  SHE IS A PERSON WHO HAS TRIED TO RISE ABOVE THAT AND SHE HAS.

19  WHAT WE ARE ASKING THE COURT TO GIVE HER IS THE BEST

20  OPPORTUNITY TO CONTINUE TO DO THAT.  WE ARE ASKING THE COURT

21  TO GIVE HER THE CHANCE TO CONTINUE TO MAKE EFFORTS TO IMPROVE

22  HERSELF, TO CONTINUE HER SCHOOLING, TO EVENTUALLY END UP

23  BEING A COUNSELOR FOR THOSE GIRLS THAT ARE IN THE SAME

24  SITUATION AS HERSELF.

25         SHE HAS A VERY, VERY BRIGHT FUTURE IN FRONT OF HER.

1    WE'RE ASKING THE COURT TO GIVE HER THE BEST OPPORTUNITY TO

2    HAVE THAT FUTURE.  A SENTENCE OF 84 MONTHS WOULD DO THAT FOR

3    MS. WILLIS.

4            THE COURT:  THANK YOU.

5            MS. MITCHELL:  I WAS JUST GOING TO SAY, SHE MIGHT

6    WANT TO MAKE SOME STATEMENTS.  I THINK HER LETTER TO THE

7    COURT IS THE BEST WRITTEN LETTER I HAVE EVER READ FROM A

8    DEFENDANT, AND MORE THAN ADEQUATELY SUMS UP HER FEELINGS OF

9    REMORSE, HER FEELINGS OF RESPONSIBILITY, AND THE FACT THAT

10   SHE IS JUST REALLY TRYING VERY HARD TO MAKE THE BEST STEPS

11   AND BEST EFFORTS FOR HERSELF AND HER SON.

12           THE COURT:  THANK YOU.  MR. FORGE.

13           MR. FORGE:  THANK YOU, YOUR HONOR.  YOUR HONOR, I'M

14   NOT GOING TO POUND THE TABLE AND DEMAND A MAXIMUM SENTENCE

15   FROM MS. WILLIS, AND SENTENCE HER NEARLY AS HIGH AS ONE THE

16   COURT JUST HANDED DOWN TO MR. JONES.  I DON'T EVEN TAKE ISSUE

17   WITH PRETTY MUCH EVERYTHING THAT MS. MITCHELL SAID.  I THINK

18   THAT THERE IS A VERY BIG PROBLEM IN THE COMMUNITY FROM WHICH

19   MS. WILLIS HAILS.  AND I THINK THAT PROSTITUTION OF YOUNG

20   WOMEN IS VERY COMMON THERE.

21           WHERE WE DISAGREE IS REGARDING MS. WILLIS'

22   CULPABILITY ON THIS PARTICULAR EVENING.  MS. WILLIS WAS NEVER

23   FORCED INTO PROSTITUTION.  SHE CHOSE TO TRY IT, AS MANY YOUNG

24   MOM'S IN HER COMMUNITY TRY, AND SHE HATED IT.  AND SHE

25   RESPONDED TO THAT REVULSION BY THEN HELPING OTHERS TO FORCE A

1    14 YEAR OLD TO DO WHAT MS. WILLIS, HERSELF, HATED TO DO.  AND

2    SHE WAS THE MOST CULPABLE IN TERMS OF THE FORCE APPLIED TO

3    THAT VICTIM, THAT 14-YEAR-OLD GIRL.  SHE IS THE ONE THAT

4    STRUCK HER, AND WE JUST CAN'T IGNORE THAT.

5           MS. WILLIS DID NOT, AS MS. DORROUGH DID, PLEAD

6    GUILTY EARLY AND COOPERATE AND TESTIFY AT TRIAL.  SO, FROM

7    OUR PERSPECTIVE, I HAVE A HARD TIME SITTING BACK AND NOT

8    OBJECTING OR AGREEING TO A SENTENCE FOR MS. WILLIS THAT WOULD

9    PUT HER BELOW THE SENTENCE THAT MS. DORROUGH RECEIVED.

10   BECAUSE MS. DORROUGH EARNED THAT BREAK THAT SHE RECEIVED IN

11   HER SENTENCE.  WE ACCOMMODATED MS. WILLIS' LACK OF PIMPING

12   HISTORY BY GETTING HER A CHARGE THAT, BY THE CHARGE ITSELF,

13   DID NOT AUTOMATICALLY REQUIRE HER TO REGISTER AS SEX

14   OFFENDER.  WE DID TAKE THAT INTO ACCOUNT IN THE CHARGE

15   BARGAINING THAT TOOK PLACE HERE.

16          I DON'T THINK, GIVEN MS. WILLIS' HISTORY, SHE IS

17   SOMEONE WHO'S A RISK TO REPEAT THIS TYPE OF OFFENSE AND

18   THAT'S WHY WE WERE WILLING TO DO THAT CHARGE BARGAIN.  NONE

19   OF THAT REALLY ADDRESSES HER CONTROL THAT EVENING AND THE

20   SIGNIFICANCE OF WHAT SHE DID, AND THE DISPARITY BETWEEN WHAT

21   SHE DID AFTER THAT EVENING AND WHAT MS. DORROUGH DID THAT

22   EVENING.

23          GIVEN YOUR HONOR'S TENTATIVE TO GO TWO LEVELS DOWN,

24   I'M NOT GOING TO ASK FOR THE HIGH OF END OF THAT RANGE.  A

25   108-MONTH SENTENCE WOULD BE 16 MONTHS HIGHER THAN WHAT

1    MS. DORROUGH RECEIVED, AND GIVEN THE DIFFERENCE TO THE POST-

2    OFFENSE CONDUCT, I THINK THAT WOULD BE APPROPRIATE.

3          THE COURT:  THANKS, MR. FORGE.  MS. WILLIS, I HAVE

4    READ YOUR LETTER, BUT IF THERE IS ANYTHING ELSE YOU WOULD

5    LIKE TO SAY YOU CAN.  THAT'S YOUR CHOICE.

6          DEFT. WILLIS:  I WOULD LIKE TO APOLOGIZE TO THE

7    COURT'S.  I WOULD LIKE TO APOLOGIZE TO MY FAMILY FOR THE

8    EMBARRASSMENT I PUT THEM THROUGH.  I APOLOGIZE TO MY SON FOR

9    NOT BEING THERE LIKE I SHOULD HAVE.

10          YOUR HONOR, I WANT TO CHANCE TO BE A MOM TO MY SON

11   AND TAKE CARE OF HIM.  THIS IS SOMETHING -- IT'S NOT ME.

12   IT'S NOT MY CHARACTER.  I MADE A MISTAKE AND I'M SORRY.  I

13   JUST WANT A CHANCE TO GO ON WITH MY LIFE.  I WANT TO GO BACK

14   TO SCHOOL.  I WANT TO HELP GIRLS THAT ARE IN THE SITUATION

15   LIKE THIS BECAUSE IT'S COMMON, LIKE YOU SAID, IT'S COMMON.

16   AND THEY NEED HELP.  THEY NEED SOMEBODY THAT'S BEEN THERE.

17   THAT KNOWS WHAT'S GOING ON, AND I BELIEVE I CAN HELP A LOT OF

18   PEOPLE.  PRISON I'VE LEARNED SO MUCH.  I'VE BEEN IN JAIL FOR

19   TWO YEARS.  I'VE GROWN FROM A GIRL TO A WOMAN IN HERE.  I'VE

20   LEARNED SO MUCH IN HERE AND REALIZED ALL MY MISTAKES IN MY

21   LIFE.  I'M JUST A PERSON -- I CAME IN HERE AS GIRL AND I'M A

22   WOMAN NOW.  I'M SORRY FOR THE MISTAKES THAT I DID, AND I JUST

23   WANT ANOTHER CHANCE TO LIVE MY LIFE, TO BE JUST AN ACTIVE

24   PERSON IN SOCIETY AND HELP MY SOCIETY OUT.

25          THE COURT:  IT SOUNDS LIKE YOU LEARNED YOUR LESSON

1    AND I HOPE YOU ARE SINCERE.  YOU OBVIOUSLY HAVE GOOD FAMILY

2    SUPPORT.  TAKE ADVANTAGE OF THAT WHEN YOU GET OUT.  OKAY?

3              DEFT. WILLIS:  YES, SIR.

4              THE COURT:  ANYTHING FURTHER, MS. MITCHELL,

5    MR. FORGE?

6              MR. FORGE:  NO, YOUR HONOR.  THANK YOU.

7              MS. MITCHELL:  UM, YOUR HONOR, JUST AS AN ASIDE, I

8    BELIEVE THAT MS. WILLIS SERVED APPROXIMATELY 193 DAYS IN

9    STATE CUSTODY BEFORE SHE WAS BROUGHT OVER TO FEDERAL CUSTODY.

10   WE WOULD ASK THAT THAT TIME BE TAKEN INTO CONSIDERATION IN

11   ANY SENTENCE THAT'S PROVIDED.

12             ADDITIONALLY, WE WOULD ASK FOR PLACEMENT FOR

13   MS. WILLIS IN TEXAS, IF AT ALL POSSIBLE.  IT'S THE CLOSEST

14   LOCATION TO THE FEMALE FACILITY TO WHERE HER SON RESIDES WITH

15   HIS FATHER.

16             THE COURT:  I ASSUME THE GOVERNMENT HAS NO

17   OBJECTION TO THAT RECOMMENDATION?

18             MR. FORGE:  THAT'S CORRECT, YOUR HONOR.  ON BOTH

19   THOUGHTS.  WE ALSO AGREE MS. WILLIS SHOULD RECEIVE CREDIT FOR

20   TIME SERVED SINCE SEPTEMBER 30TH, OF '08.

21             THE COURT:  I AGREE.  I WILL ORDER THAT SHE RECEIVE

22   CUSTODY CREDITS FROM SEPTEMBER 30, 2008, WITH THE CONCURRENCY

23   OF THE GOVERNMENT.

24             THE SOUTH CENTRAL DISTRICT OF TEXAS, MS. MITCHELL,

25   AND I WILL MAKE THAT RECOMMENDATION.  ANYTHING FURTHER FROM

1    EITHER PARTY?

2              MR. FORGE:  NO, YOUR HONOR.  THANK YOU.

3              THE COURT:  IN THIS MATTER, THE COURT FINDS FOR

4    ADVISORY PURPOSES, THE BASE OFFENSE LEVEL IS 30.  BECAUSE THE

5    OFFENSE CONDUCT INVOLVED USE OF A COMPUTER, THAT'S INCREASED

6    BY TWO LEVELS.  BECAUSE THERE WAS COMMERCIAL SEX ACTS

7    INVOLVED, THE BASE OFFENSE LEVEL IS INCREASED AN ADDITIONAL

8    TWO LEVELS.  I WOULD ADJUST THAT DOWNWARDS TWO LEVELS FOR

9    ACCEPTANCE OF RESPONSIBILITY PURSUANT TO GUIDELINE SECTION

10   3(E)1.1.  I WOULD DEPART TWO LEVELS FOR A COMBINATION OF

11   FACTORS PURSUANT TO GUIDELINE SECTION 5(K)2.20, FOR REASONS

12   WE ALREADY STATED ON THE RECORD.  SPECIFICALLY, TO AVOID

13   DISPARITY IN SENTENCING.  BECAUSE SHE IS THE LEAST CULPABLE

14   OF HER FOUR DEFENDANTS AND DOES NOT HAVE A HISTORY OF SIMILAR

15   CONDUCT AS HER CO-DEFENDANTS DID.

16             THAT WOULD GIVE ME A CRIMINAL HISTORY SCORE OF

17   THREE.  A CRIMINAL HISTORY CATEGORY OF TWO.  AN ADVISORY

18   GUIDELINE RANGE OF 108 TO 135 MONTHS.  MINDFUL OF THE FACT

19   THE STATUTORY MAXIMUM FOR THIS OFFENSE IS UP TO 20 YEARS IN

20   CUSTODY AND REVIEWING THE CRITERIA SET FORTH IN TITLE 18,

21   SECTION 3553(A), I FIND THAT THE LOW END OF THE ADJUSTED

22   GUIDELINE RANGE WOULD BE A SUFFICIENT SENTENCE BUT NOT

23   GREATER THAN NECESSARY.

24             THEREFORE, PURSUANT TO THE SENTENCING REFORM ACT OF

25   1984, IT WOULD BE THE JUDGMENT AND SENTENCE OF THIS COURT

1    THAT THE DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY

2    OF THE BUREAU OF PRISONS FOR A TERM OF IMPRISONMENT OF 108

3    MONTHS.

4              A STATUTORY FINE IS NOT IMPOSED DUE TO HER

5    INABILITY TO PAY.  I WOULD IMPOSE A MANDATORY SPECIAL

6    ASSESSMENT OF $100.

7              I WILL ALSO ORDER SHE PAY RESTITUTION IN THE AMOUNT

8    OF $2,160, JOINT AND SEVERALLY LIABLE WITH HER CO-DEFENDANTS.

9    THAT AMOUNT IS TO BE PAID THROUGH THE CLERK OF THE US

10   DISTRICT COURT, THROUGH THE CALIFORNIA VICTIM COMPENSATION

11   AND GOVERNMENT CLAIMS BOARD.  PAYABLE FORTHWITH THROUGH THE

12   INMATE FINANCIAL RESPONSIBILITY PROGRAM AT A RATE OF $25 PER

13   QUARTER DURING THE PERIOD OF INCARCERATION.  WITH THE PAYMENT

14   OF ANY REMAINING BALANCE TO BE MADE FOLLOWING THE DEFENDANT'S

15   RELEASE FROM PRISON AT A RATE OF $200 OR MORE PER MONTH.

16             UPON YOUR RELEASE FROM CUSTODY, MS. WILLIS, YOU

17   WILL BE PLACED ON SUPERVISED RELEASE FOR A PERIOD OF THREE

18   YEARS.  I WILL IMPOSE ALL THE STANDARD TERMS AND CONDITIONS

19   OF SUPERVISION AND THE FOLLOWING SPECIAL CONDITIONS.

20             FIRST, I WANT YOU TO REPORT ANY VEHICLES THAT YOU

21   OWN OR OPERATE OR IN WHICH YOU HAVE AN INTEREST TO YOUR

22   SUPERVISING PROBATION OFFICER.

23             YOU ARE TO SUBMIT TO A SEARCH OF YOUR PERSON,

24   PROPERTY, PLACE OF RESIDENCE, VEHICLE OR PERSONAL EFFECTS

25   WHENEVER REQUESTED TO DO SO AT A REASONABLE TIME AND

1    REASONABLE MANNER BY A PROBATION OFFICER OR LAW ENFORCEMENT

2    OFFICER.

3            YOU ARE NOT TO HAVE ANY UNSUPERVISED CONDUCT WITH

4    ANY CHILD UNDER THE AGE OF 18, UNLESS IN THE PRESENCE OF A

5    SUPERVISING ADULT WHO IS AWARE OF CONVICTION IN THIS OFFENSE.

6    AND THE PRIOR APPROVAL OF YOUR SUPERVISING PROBATION OFFICER.

7            YOU ARE NOT TO HAVE ANY CONDUCT, DIRECT OR

8    TELEPHONICALLY, VISUALLY, VERBALLY, OR THROUGH WRITTEN

9    MATERIAL OR THROUGH ANY THIRD-PARTY COMMUNICATION WITH THE

10   VICTIM OR THE VICTIM'S FAMILY WITHOUT THE APPROVAL OF YOUR

11   SUPERVISING PROBATION OFFICER.

12           DON'T ASSOCIATE WITH OR HAVE ANY CONTACT WITH SEX

13   OFFENDERS UNLESS IN APPROVED TREATMENT OR COUNSELING

14   SESSIONS.

15           AND DON'T BE EMPLOYED OR PARTICIPATE IN ANY

16   VOLUNTEER ACTIVITY THAT INVOLVES CONTACT WITH CHILDREN UNDER

17   THE AGE OF 18 EXCEPT IN CIRCUMSTANCES APPROVED IN ADVANCE AND

18   BY YOUR SUPERVISING PROBATION OFFICER.

19           DOES THE GOVERNMENT REQUEST ANY FURTHER --

20           MR. FORGE:  NO, YOUR HONOR.

21           THE COURT:  I WILL, AGAIN, RECOMMEND TO THE BUREAU

22   OF PRISONS THAT SHE RECEIVE CUSTODY CREDITS AS OF SEPTEMBER

23   30, 2008, AND SHE BE HOUSED IN THE SOUTHERN -- SOUTH CENTRAL

24   DISTRICT OF TEXAS.  GOOD LUCK TO YOU, MS. WILLIS.

25           MR. FORGE:  YOUR HONOR, JUST FOR THE RECORD, IN

1   LIGHT OF THE COURT'S SENTENCE, MS. WILLIS HAS WAIVED HER

2   RIGHT TO APPEAL OR COLLATERALLY ATTACK THE SENTENCE.

3           THE COURT:  IS THAT CORRECT?

4           MS. MITCHELL:  THAT IS CORRECT.

5           THE COURT:  ALL RIGHT.  THANK YOU.

6           MR. FORGER:  THANK YOU.

7           THE COURT:  YOU ARE WELCOME.

8               (WHICH WERE ALL THE PROCEEDINGS

9                HELD IN THE ABOVE-ENTITLED CAUSE.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE OF REPORTER
_____

COUNTY OF SAN DIEGO        )

                          )  SS.

STATE OF CALIFORNIA        )


I, MELISSA A. PIERSON, OFFICIAL COURT REPORTER, REGISTERED

PROFESSIONAL REPORTER, IN AND FOR THE UNITED STATES DISTRICT

COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, DO HEREBY

CERTIFY THAT I REPORTED, STENOGRAPHICALLY, THE FOREGOING

PROCEEDINGS AT THE TIME AND PLACE HEREINBEFORE SET FORTH;

THAT THE SAME WAS THEREAFTER REDUCED TO TYPEWRITTEN FORM BY

MEANS OF COMPUTER-AIDED TRANSCRIPTION; AND I DO FURTHER

CERTIFY THAT THIS IS A TRUE AND CORRECT TRANSCRIPTION OF MY

STENOGRAPHIC NOTES.



DATE: 10-28-10


S.:/MELISSA A. PIERSON

MELISSA A. PIERSON, CSR 12499 RPR

FEDERAL OFFICIAL COURT REPORTER